Brandon Rainey (SBN 272341)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA  94301-2777
Telephone: +1 650 847 4150
Fax: +1 650 847 4151
E-mail:brainey@duanemorris.com

Sarah A. Gilbert  (SBN 312865)
**Duane Morris LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744.2200
Facsimile:  (619) 744-2202
E-mails:     sagilbert@duanemorris.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APAROOP CHAKRABORTY <br><br> Plaintiff, <br><br> v. <br><br> HEXAWARE TECHNOLOGIES, INC. a New Jersey corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: <br><br> [Removal from County of Alameda Superior Court Case No. 24CV074568] <br><br> **DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S, NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> [DIVERSITY JURISDICTION] <br><br> Complaint Filed:  May 7, 2024 |

DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant HEXAWARE TECHNOLOGIES, INC. (hereinafter "Defendant") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. sections 1332 (diversity original jurisdiction), 1441 (removal jurisdiction), and 1446 (removal procedures).

## I.      NATURE OF ACTION

1.      On or about May 7, 2024, Plaintiff Aparoop Chakraborty ("Plaintiff") filed an unverified Complaint for Damages (the "Complaint") against Defendant Hexaware Technologies, Inc., and "fictitiously named" defendants (DOES 1-50) in the Superior Court of the State of California, County of Alameda, entitled *Aparoop Chakraborty v. Hexaware Technologies, Inc., et al.*, Case No. 24CV074568 (the "Action"). A true and correct copy of the Complaint is attached to this Notice as **Exhibit 1**. A true and correct copy of the Civil Case Cover Sheet filed with the Complaint is attached hereto as **Exhibit 2**.

2.      The Complaint alleges three (3) causes of action for: (1) Breach of Contract, Covenant of Good Faith and Fair Dealing, (2) Discrimination, Cal. Gov't Code § 12940; and (3) Wrongful Termination in Violation of Public Policy. (Ex. 1, Compl., ¶¶ 33-50.)

3.      On or about May 9, 2024, Plaintiff served the Complaint on Defendant's registered agent, CT Corporation System, located at 330 N. Brand Blvd., Ste. 700, Glendale, CA 91203. A true and correct copy of the service papers are attached hereto as **Exhibit 3**. A true and correct copy of the Summons is attached hereto as **Exhibit 4**.

4.      True and correct copies of all processes, pleadings, and orders in this action are attached hereto as Exhibits 1-4.

DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

## II.    REMOVAL IS TIMELY

5.    This Notice of Removal is timely, as not more than thirty (30) days have elapsed since service of the Summons and Complaint on May 9, 2024, and less than one year has elapsed since the commencement of this action. 28 U.S.C. § 1446(b).  Removal of this action to the above-referenced Court is therefore timely.

## III.    DIVERSITY JURISDICTION

6.    This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, and this case is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because: (1) there is diversity of citizenship between Plaintiff and Defendant; (2) the citizenship of the fictitiously-named defendants should be disregarded; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    Plaintiff Is A Citizen Of California.

7.    For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).  A person's domicile is the place that he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

8.    The Complaint alleges that Plaintiff is, and at all relevant times was, a resident of the State of California, and performed work for Defendant in the County of Alameda. (Ex 1., Compl., ¶¶ 2, 4.)  Thus, at all relevant times, including the time this action was commenced, Plaintiff was a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).

### B.    Defendant Hexaware Technologies, Inc. Is A Citizen Of New Jersey.

9.    Defendant Hexaware Technologies, Inc. is a corporation that is, and was at the time Plaintiff filed this action, a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(c)(1).

3

10.    For purposes of diversity jurisdiction, the citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*. Plaintiff correctly alleges that Defendant is a New Jersey corporation—it is organized under the laws of the state of Jew Jersey with its principal place of business in Iselin, New Jersey. True and correct copies of Defendant's Entity Details filed with the California Secretary of State on February 14, 2023 and February 20, 2024, are attached respectively as **Exhibits 5 and 6** to this Notice. Defendant's corporate executives and its senior leadership team are primarily based in, have maintained and continue to maintain their offices in, and have performed and continue to perform their primary duties and job functions (including direction and control of Defendant's business activities), in Iselin, New Jersey. *See* Declaration of Hariharan Srinivasan ("Srinivasan Decl."), ¶¶ 1-3.

11.    Accordingly, for purposes of diversity of citizenship, Defendant Hexaware Technologies, Inc. is a citizen of New Jersey.

**C.    The Remaining Fictitiously Named Doe Defendants Should Be Disregarded.**

12.    The Complaint also names Does 1 through 50 as defendants. However, pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the existence and citizenship of the alleged Doe defendants in this case does not deprive this Court of jurisdiction.

13.    Accordingly, pursuant to 28 U.S.C. § 1332(c), Plaintiff and Defendant are citizens of different States and diversity jurisdiction is proper.

**IV.    AMOUNT IN CONTROVERSY**

14.    Defendant denies any liability as to Plaintiff's claims. However, the amount in controversy requirement is easily satisfied because "it is more likely than not" that the amount in

DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."). "The amount in controversy is 'not a prospective assessment of [a] defendant's liability.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (*quoting Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Under 28 U.S.C. § 1332(a), diversity jurisdiction exists "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs."

15.     In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Duberry v. J. Crew Grp., Inc.*, No. 214CV08810SVWMRW, 2015 WL 4575018, at *2 (C.D. Cal. July 28, 2015) ("In a notice of removal, a defendant need only plausibly allege that these prerequisites are met."). Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Dart Cherokee*, 574 U.S. at 89. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87.

16.     For purposes of determining whether the amount in controversy has been satisfied, the ultimate inquiry is what amount is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy); *Ochoa v. Costco Wholesale Corp.*, No. 2:22-CV-02287-KJM-AC, 2023 WL 2861906, at *3 (E.D. Cal. Apr. 10, 2023) (denying motion to remand, finding that even using the most conservative estimates, the amount in controversy exceeded the jurisdictional threshold at the time of

DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

removal in a disability discrimination lawsuit where plaintiff sought all forms of available damages, including compensatory, emotional distress, punitive damages, and attorney's fees).

17.    In determining whether a complaint meets the $75,000 threshold under U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

18.    Here, considered together, the compensatory, general and special damages sought by Plaintiff, along with the attorney's fees and punitive damages that might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by Section 1332(a).

**A.    Plaintiff Seeks Compensatory Damages.**

19.    Plaintiff alleges that as a proximate result of Defendant's acts, "Plaintiff has suffered monetary damages and continues to suffer from loss of earnings" as well as "actual and consequential damages and expenses" and other "foreseeable economic losses," in an amount to be proven at trial.  Ex. A, Compl. ¶¶ 32, 37, 43. Plaintiff was employed for Hexaware Technologies, Inc. as Business Development Manager, with an annual base salary of $233,450.00.  Srinivasan Decl., ¶ 4. Assuming Plaintiff will ask for a conservative estimate of one year in back pay and one year in front pay, the economic compensatory alleged damages alone would be well over the threshold of $75,000.00

20.    Plaintiff further alleges that he "has suffered, and continues to suffer, great mental and emotional anguish" resulting from Defendant's alleged conduct, as well as feelings of humiliation and anguish, and "issues within his previously strong and stable family unit," all in an amount subject to proof at trial. Ex. A, Compl. ¶¶ 30, 31, 43, 49. California jury verdicts in similar

DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

cases often exceed $75,000 for damages in wrongful termination, and discrimination cases. *John Quemada v. Cordoba Corporation*, JVR No. 2004230004, 2020 WL 1812491 (Los Angeles County Sup. Ct. Dec. 6, 2019). An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *See, e.g., Rivera v. Costco Wholesale Corp.,* No. C 08-02202 CW, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008) (noting that $200,000 and $122,000 awards for emotional distress in wrongful termination cases).

21.     Here, if Plaintiff were successful on his claims for discrimination and wrongful termination, he would more likely than not obtain an economic damages award over the jurisdictional minimum based on similar verdicts.

**B.     Plaintiff Seeks Punitive Damages.**

22.     Moreover, Plaintiff alleges that he is entitled to "an award of punitive damages, sufficient to punish Defendants and to serve as an example to deter similar conduct in the future, in an amount according to proof at trial…." Ex. A, Compl. ¶¶ 44, 50.  A court can consider punitive damages in calculating the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass 'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. HartfordAccident & Ind. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

23.     *See Simmons v. PCR Technology*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under California's Fair Employment and Housing Act when determining the amount in controversy).  For purposes of calculating the amount in controversy, the Court must assume that Plaintiff will prevail on his claim for punitive damages. *See Davenport*, 325 F.2d at 787.  Where the amount of punitive damages sought is unclear, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1033; *Chambers v. Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO, 2011 WL 1459155, at *3 (E.D. Cal. Apr. 15, 2011), report and recommendation adopted, No. 1:11-CV-00381

DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

LJO, 2011 WL 1739913 (E.D. Cal. May 4, 2011) (noting that the cases reviewed by the Court established "by a preponderance of the evidence, that punitive damage awards in employment matters may be substantial").

24.    Verdicts in similar cases show that, when awarded, punitive damages in wrongful termination cases typically exceed $75,000. (*Hernandez v. VMS Auto Body Collission Center Inc., et al.*, Superior Court, Los Angeles County, JVR No. 2003200030); (*Jaffe v. UHS-Corona Inc. d/b/a Corona Regional Medical Center; Universal Health Services Inc.*, Superior Court, Riverside County, JVR No. 1405150066); *Schell v. City of Los Angeles*, 2001 WL 1720241 (C.D.Cal.); *Ko v. The Square Group L.L.C. d/b/a The Square Supermarket*, *et al.*, JVR No. 1503030036 (Plaintiff verdict in wage and hour and wrongful termination case, including $500,000 punitive damages award).

25.    Accordingly, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of costs and interest, as required by 28 U.S.C. § 1332(a).

**C.    Plaintiff Seeks To Recover Attorney's Fees.**

26.    Finally, Plaintiff alleges that "[a]s a proximate result of the aforementioned wrongful of Defendants, Plaintiff has suffered actual and consequential damages and expenses, including attorney's fees and costs…in a total amount to be shown by proof at the time of trial." Ex. A, Compl. ¶¶ 37, 45. Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

27.    Attorney's fees in employment cases typically exceed $75,000. *See, e.g.*, *Jadwin v. County of Kern,* 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (approving award of $535,700 in attorneys' fees in employment case involving discrimination, retaliation and whistleblowing claims); *Salvatierra v. Taco Hut Mexican Grill, et al.* JVR No. 1804270051 (attorneys' fees award of $578,340 in wrongful termination, employment action).

28.    Here, Plaintiff, if successful, would be entitled to an award of attorney's fees that itself "more likely than not" would exceed $75,000.

DEFENDANT HEXAWARE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

## V.    VENUE

29.    Venue is proper in this district pursuant to 28 U.S.C. §1441(a) because this district includes the county of Alameda, in which the Complaint alleges the alleged acts occurred and in which the removed action has been pending.

## VI.    DIVISIONAL ASSIGNMENT

30.    Pursuant to Local Rule 3-2(d) assignment to the San Francisco Division is proper because the removed action arose in the county of Alameda.

31.    To Defendant's knowledge, no other defendants have been served in this action.

32.    Defendant will promptly serve Plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required by 28 U.S.C. § 1446(d).

## VII.    PRAYER

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. §1446, Defendant prays that the above-captioned action in the Superior Court of the State of California in and for the County of Alameda be removed to this Court.

Dated:  June 7, 2024                         **DUANE MORRIS LLP**

By: /s/ *Sarah A. Gilbert*
Brandon Rainey
Sarah A. Gilbert
Attorneys for Defendant HEXAWARE
TECHNOLOGIES, INC.

9